UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREDERICK L. HOWELL, | ) C/A No. 4:12-2808-JFA-TER |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| WARDEN LIEBER CORRECTIONAL INSTITUTION, | ) |
| Respondent. | ) |

This matter is before the court upon Petitioner's motion to compel discovery. (Doc.#22). Respondent's return and memorandum are due to be filed by February 13, 2013.

Discovery in §2254 cases is not automatically available, as in other civil cases, but instead requires leave of the district court. Habeas Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999); Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998). The petitioner must obtain leave of court before discovery can commence. In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The district court may allow discovery only if the petitioner shows "good cause." Habeas Rule 6(a). This standard is satisfied if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, supra. Petitioner's motion for discovery (doc. #22) is denied as Petitioner has not shown good cause to allow discovery at this time.

**IT IS SO ORDERED.**

January 15, 2013                              s/Thomas E. Rogers, III
Florence, South Carolina                Thomas E. Rogers, III
                                                           United States Magistrate Judge