UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FREDERICK L. HOWELL, | ) C/A No. 4:12-2808-JFA-TER | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN LIEBER CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner's second motion to compel discovery filed April 19, 2013, after Respondent filed a motion for summary judgment on April 15, 2013.[1] (Doc.#51). Respondent filed a response in opposition to this motion to compel. (Doc. #58).

Discovery in §2254 cases is not automatically available, as in other civil cases, but instead requires leave of the district court. Habeas Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999); Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998). The petitioner must obtain leave of court before discovery can commence. In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The district court may allow discovery only if the petitioner shows "good cause." Habeas Rule 6(a). This standard is satisfied if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, supra. Petitioner's motion for discovery (doc. #51) is **denied** as Petitioner has not shown good cause to allow discovery at this time.[2]

---

[1] Petitioner filed a response to the motion for summary judgment on April 30, 2013.

[2] Petitioner entered a plea of guilty admitting the truth of the allegations against him. Additionally, Respondent filed a motion for summary judgment asserting the petition is time

However, Respondent stated in a footnote in his response in opposition to the motion to compel discovery that "[w]hile Respondent submits Petitioner is not entitled to discovery, it intends to provide both this Court and Petitioner with a copy of the transcript from his PCR evidentiary hearing. Respondent has already contacted the court reporter regarding this transcript and upon receiving it, anticipates filing a copy with this Court in addition to serving a copy on Petitioner." (Doc. # 58, fn 1). Petitioner has filed a response to Respondent's motion for summary judgment without the benefit of the PCR transcript. Therefore, once Respondent files a copy of the transcript from Petitioner's PCR evidentiary hearing, Petitioner shall have an additional 15 days from that date to file any supplemental response to the motion for summary judgment.

**IT IS SO ORDERED.**


Florence, South Carolina
June 11, 2013

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

barred.