UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| FREDRICK L. HOWELL, | ) | C/A No. 4:12-cv-2808-JFA-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| JOSEPH McFADDEN, WARDEN, LIEBER CORRECTIONAL INSTITUTION, | ) | |
| Respondent. | ) | |

Petitioner, Fredrick L. Howell (Petitioner/Howell), is currently incarcerated at Lieber Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 28, 2012. Respondent filed a motion for summary judgment on April 15, 2013, along with a return, supporting memorandum, and exhibits. (Docs. #44 and 45). The undersigned issued an order filed April 16, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #47). Petitioner filed a response on April 30, 2013. (Doc. #52).

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Fredrick L. Howell, ("Petitioner") is presently confined in the South Carolina Department of Corrections pursuant to an order of commitment from the Orangeburg County Clerk of Court. Petitioner was indicted by the Orangeburg County Grand Jury during the June 2005 term of General Sessions for Burglary First Degree. (Tr. 26-27). As the facts set out at the time of the plea, the charge stemmed from an incident in which Petitioner, during the nighttime hours of March 31, 2005, entered the hunting lodge of Arthur Willis in an effort to steal property located within the hunting lodge. (Tr. 16-17, 26). According to the attorney for the State and the public defender who represented Petitioner, surveillance equipment placed by Willis on the exterior of the hunting lodge recorded the burglary. (Tr. 16-17, 21-22). Willis then turned the recorded footage over to authorities who subsequently reviewed the footage. (Tr. 16-17). After reviewing the footage, Captain Rene Williams, who had known Petitioner for more than ten years, identified Petitioner as the subject in the surveillance footage. (Tr. 17). Petitioner, who lived with his mother, was apprehended seven days later at his girlfriend's residence in neighboring Eutawville. (Tr. 17).

On August 18, 2005, Petitioner pleaded guilty as indicted before the Honorable James C. Williams in Orangeburg. (Tr. 1-24). With the exception of a recommendation for concurrent sentencing in a pending second degree burglary case, Petitioner pleaded guilty without any negotiations or recommendations from the State. (Tr. 3).

After explaining Petitioner was pleading without negotiations or a recommendation from the

State regarding sentencing, plea counsel informed the court he had explained: (1) the charge on which Petitioner was indicted; (2) the possible punishment Petitioner was facing; and (3) Petitioner's constitutional rights including his right to a jury trial. (Tr. 8-9). Plea counsel further detailed that in his opinion, Petitioner understood each of these concepts. (Tr. 8). Continuing, plea counsel explained he disagreed with Petitioner's decision to plead guilty but acknowledged Petitioner was facing "overwhelming evidence." (Tr. 9).

Thereafter, the plea court, in addition to advising Petitioner about the State's burden of proof (Tr. 11), advised Petitioner about his right to remain silent (Tr. 10), his right to a jury trial (Tr. 10-11), his right to confront witnesses (Tr. 11), and his right to present a defense. The plea court further advised Petitioner that by pleading guilty he was admitting the charge against him was true. (Tr. 10, 12). Petitioner acknowledged that he understood this and further stated that he still wished to plead guilty. (Tr. 13). Petitioner admitted he was pleading guilty because he was in fact guilty. (Tr. 13). Despite an extended colloquy regarding all aspects of defense counsel's representation, Petitioner continuously said he was satisfied with defense counsel. (Tr. 13-14). Following this discussion, the plea court found Petitioner's plea was freely, knowingly, and voluntarily tendered. (Tr. 15-16).

## **DIRECT APPEAL**

On appeal, Petitioner, represented by Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense, argued, "[t]he judge erred by advising Howell that he had the right to appeal his guilty plea and file for post-conviction relief if the appeal was unsuccessful, because this advice rendered the plea conditional and thus invalid in South Carolina." In response, the State, represented by Harold M. Coombs, Jr. maintained, "[t]he trial court ensured that Appellant

3

knowingly waived the right to a jury trial and freely and voluntarily entered his guilty plea." Petitioner's conviction and sentence were affirmed by the South Carolina Court of Appeals *via* an unpublished opinion on March 6, 2007. See State v. Howell, Unpub. Op. No. 2007-UP-1102 (Ct. App. filed March 6, 2007).

Petitioner unsuccessfully sought rehearing, and prior to filing a petition for writ of certiorari, submitted an affidavit explaining he wished to drop his appeal. See Petition for Rehearing in State v. Howell; Order Denying Rehearing in State v. Howell; Affidavit of Fredrick L. Howell dated July 5, 2007. Accordingly, the Supreme Court of South Carolina dismissed Petitioner's case on July 19, 2007. See Order of Dismissal in State v. Howell, dated July 19, 2007. The remittitur was issued on July 24, 2007.

**PCR**

On May 31, 2007, while his direct appeal was still pending in the Supreme Court of South Carolina, Petitioner filed an application seeking post-conviction relief ("PCR") in the Orangeburg County Court of Common Pleas. In his application, Petitioner alleged the following grounds for relief:

 1. Ineffective Assistance of Counsel; and

  a. "Failure to challenge the burglary first indictment."

  b. "Defense Counsel failed to procure alibi witnesses."

  c. "Failed to adequate investigate and introduce evidence."

 2. Subject Matter Jurisdiction

  a. "Failure to challenge the burglary first indictment."

In response, the State filed a return on April 16, 2008, requesting an evidentiary hearing on

4

Petitioner's ineffective assistance of counsel claims.

Thereafter, an evidentiary hearing was conducted at the Orangeburg County Courthouse on June 8, 2009, before the Honorable Diane S. Goodstein. Petitioner was represented by Clarissa Warren Joyner while the State was represented by Mary S. Williams. Following the conclusion of the evidentiary hearing, Judge Goodstein issued a written order denying relief. See Order of Dismissal in #2007-CP-38-0690. According to the date stamp on the order, it was filed with the Orangeburg County Clerk of Court on January 5, 2010. The certificate of service included with the order shows it was served on Joyner, Petitioner's PCR attorney, on Thursday, January 21, 2010. See Certificate of Service Re: Order of Dismissal in #2007-CP-38-0690. According to a letter from Joyner addressed to Petitioner and submitted by Petitioner in this action, Joyner notified Petitioner of the PCR court's denial of his application on January 5, 2010. Dkt. #1-3 at 2. Petitioner admitted receiving the order of dismissal on January 6, 2010. Dkt. #1-8 at 9. Despite language in both the order and Joyner's letter advising Petitioner as to the appropriate procedures for seeking appellate review of the PCR court's order, neither a Rule 59(e), SCRCP Motion to Alter or Amend, nor a notice of appeal were filed.

**SECOND PCR**

On January 28, 2010, Petitioner filed a second PCR application. See PCR Application in #2010-CP-38-0147. In his second application, Petitioner alleged:

1. Ineffective assistance of PCR counsel;
2. Newly Discovered Evidence (Finger Print Analysis);
3. Fraud upon the court (falsified and fabricated evidence)

See PCR Application in #2010-CP-38-0147. In response on July 26, 2010, the State filed a return

and motion to dismiss on the basis that Petitioner's claims were successive and time-barred. Subsequently, on August 6, 2010, the Honorable Diane S. Goodstein reviewed the State's pleadings and issued a conditional order of dismissal provisionally denying and dismissing Petitioner's PCR application. See Conditional Order of Dismissal in #2010-CP-38-0147. According to the affidavit of service, Petitioner was served with the conditional order of dismissal on September 27, 2010. See Affidavit of Service dated September 27, 2010. Responding to the conditional order, Petitioner, On October 29, 2010, filed an objection and reply to the conditional order of dismissal arguing his claims were not barred by the successiveness doctrine nor were they time-barred. See Opposition and Reply to the State's Conditional Order of Dismissal in #2010-CP-38-0147.

On August 2, 2011, the State submitted a proposed final order of dismissal to the Court which was signed on August 13, 2011. According to the clerk of court's date stamp, judgment was entered on August 15, 2011. See Final Order of Dismissal in #2010-CP-38-0147, dated August 13, 2011. Two days later, Petitioner filed a letter opposing the final order which the Court elected to treat as a Rule 59(e), SCRCP, Motion to Alter or Amend. See Letter from PCR Court dated September 8, 2011. On September 9, 2011, the State filed a return to Petitioner's Rule 59(e) motion. While his Rule 59(e) motion was still pending, Petitioner attempted to seek appellate review by filing and serving a notice of appeal with the Supreme Court of South Carolina. See Notice of Appeal in #2010-CP-38-0147, dated November 10, 2011. Due to the outstanding Rule 59(e) motion the Supreme Court dismissed Petitioner's appeal without prejudice in order to allow the PCR Court to issue a final ruling. See Order in #2010-CP-38-0147 Dismissing Without Prejudice. The remittitur was issued on December 29, 2011. See Remittitur in #2010-CP-38-0147, dated December 29, 2011.

After the judgment had been remitted to the circuit court, it appears Petitioner wrote the

Supreme Court on April 8, 2012. See Letter from Supreme Court of South Carolina dated April 10, 2012. In the Supreme Court's response, which was dated April 10, 2012, and was copied to the State, the letter explained a final order had not been issued in Petitioner's case. See Letter from Supreme Court of South Carolina dated April 10, 2012. Thereafter, on July 13, 2012, the State, in a cover letter accompanying a proposed final order of dismissal, explained to the PCR court that according to the public records index, a final order was never issued in Petitioner's case. See Letter from Attorney General's Office to PCR Court dated July 13, 2012. Accordingly, the PCR re-issued its final order of dismissal from August of 2011. See Final Order of Dismissal in #2010-CP-38-0147, dated August 13, 2012. The order was signed on August 13, 2012 and was forwarded to the clerk of court on August 16, 2012. See Letter to Orangeburg County Clerk of Court dated August 16, 2012. Petitioner timely sought appellate review. See Notice of Appeal in #2010-CP-38-0147 filed August 21, 2012.

On appeal, Petitioner, pursuant to Rule 243(c), SCACR was required to demonstrate there was an arguable basis for asserting the PCR court's determination was improper, however, Petitioner's pro se explanation simply failed to do so. Accordingly, on February 12, 2013, the Supreme Court of South Carolina issued the remittitur sending the judgment back to the lower court. See Remittitur in #2010-CP-38-0147, dated February 12, 2013.

**PETITIONER'S GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE: Defense counsel and solicitor falsified and fabricated all of the evidence used to obtain a guilty plea (counsel ineffective) . . . and guilty plea knowingly, voluntarily and intelligently made.

7

GROUND TWO: Denial of Effective Assistance of Counsel (PCR); Failure to file a 59(e) motion and appeal (Ineffective).

GROUND THREE: PCR Judge erred on Rule 2nd PCR Application is successive, time barred and do not support a cognizable claim.

GROUND FOUR: Actual innocense, miscarriage of justice.[2]

(Petition, amendment).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

---

[2] Ground Four was not listed on the initial petition but was included in the October 28, 2012, amendment.

Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

10

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on August 18, 2005. Petitioner filed a direct appeal and filed his first PCR application while the direct appeal was still pending. His first PCR application was dismissed by order on January 5, 2010. Petitioner admitted receiving the order of dismissal on January 6, 2010. (Docket #1-8).[4] Petitioner did not appeal the PCR decision. The time period began to run on February 8, 2010, the first business day after the thirty-day time period to appeal his denial of PCR expired. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file his federal habeas petition until September 28, 2012, with a Houston v. Lack, supra, delivery date of September 25, 2012. However, even using the date of September 25, 2012, the instant petition is time-barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C.

---

[4] Petitioner filed a second PCR on January 28, 2010, which was dismissed as successive and time barred. The statute of limitations was not tolled by the filing of the second PCR action because it was not "properly" filed.

§ 2244(d). In <u>Harris</u>, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

<u>Harris</u>, 209 F.3d at 327.

Finally, Petitioner argues that he is entitled to some type of equitable tolling based on his diligent filing of the second PCR application and that his second PCR application was "properly filed" to toll the limitations period. Petitioner argues that trial counsel testified at the first PCR hearing that one of the reasons he recommended Petitioner plead guilty was because they had his "fingerprints" at the crime scene. Petitioner argues that he had never heard of that evidence before the PCR hearing so he was diligent in filing the second PCR to argue that trial counsel fabricated that evidence at the first PCR hearing. Petitioner asserts that he contacted SLED and learned that there were no fingerprints. Thus, petitioner argues that he did pursue his rights diligently, that the second PCR should have tolled the statute of limitations, and that it was wrong for the second PCR court to dismiss it as successive.

Defendant asserts that the factual predicate of Petitioner's first claim, that the State and his defense counsel allegedly fabricated the evidence against him, could have been discovered, through the use if due diligence, prior to the entry of his guilty plea. Respondent argues that by pleading guilty, Petitioner waived the right to challenge the evidence he was facing and admitted the truth of

the allegations against him. Additionally, Respondent argues that the two habeas grounds related to collateral counsel are not cognizable in federal habeas corpus review. Respondent asserts that a review of the record shows Petitioner "despite being instructed and likely advised of the process on how to appeal the denial of his first post-conviction relief action, instead, during the time frame in which he could have sought appellate review, filed a successive and time-barred PCR action in state court arguing PCR counsel was ineffective for failing to file a Rule 59(e) motions, a claim which as explained in the States pleadings and the conditional order of dismissal, is not a cognizable PCR claim." (Respondent's return). Lastly, Respondent argues that "to the extent Petitioner may have been unaware of §2254 or it's corresponding statute of limitations, the State submits ignorance of the law does not create an extraordinary circumstance for purposes of equitable tolling." (Id.).

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida,560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["

13

'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Any issue related to the alleged fabrication of evidence by the State and trial counsel at the time of the plea, could have been discovered through the use of due diligence, prior to the entry of his guilty plea.

Petitioner asserts the application of equitable tolling is appropriate because his trial attorney testified at the first PCR hearing that the State had fingerprint evidence against the Petitioner when, in fact, none existed.[5] To the extent any claim in this case encompasses the fingerprint testimony, errors occurring during his PCR hearing is not cognizable because deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. Heyward v. Burtt, 2007 WL 2021888 (D.S.C. July 6, 2007) citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987); and Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). Further, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998).[6] Furthermore, Petitioner did not file an appeal of his first PCR

---

[5] Petitioner states that he was not told of the fingerprint evidence prior to the first PCR hearing. Thus, he could not have relied on it when entering his plea of guilty. By pleading guilty, Petitioner waived his right to challenge the evidence he was facing and he admitted the truth of the allegations against him in court.

[6] Also, even if equitable tolling was appropriate on the issue of fingerprint evidence, which it is not, it would not promote other issues raised in this claim with regard to the entry of his guilty plea.

decision or file a Rule 59(e) motion.

Based on the above reasons, Petitioner fails to demonstrate a basis for equitable tolling. Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #44) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 28, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**