UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREDRICK L. HOWELL, ) | C/A No. 4:12-cv-2808-JFA-TER |
| ) | |
| Petitioner, ) | |
| ) | **Supplemental** |
| vs. ) | **Report and Recommendation** |
| ) | |
| JOSEPH McFADDEN, WARDEN, LIEBER ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Fredrick L. Howell (Petitioner/Howell), is currently incarcerated at Lieber Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 28, 2012. Respondent filed a motion for summary judgment on April 15, 2013, along with a return, supporting memorandum, and exhibits. (Docs. #44 and 45). The undersigned issued an order filed April 16, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #47). Petitioner filed a response on April 30, 2013. (Doc. #52). A report and recommendation (the Report) was entered on October 28, 2013, recommending that Respondent's motion for summary judgment be granted and the petition be dismissed as it was barred by the statute of limitations.

Petitioner filed objections to the Report arguing that he was entitled to equitable tolling based on the Supreme Court case of *Martinez v. Ryan*, ___ U.S. ____, 132 S.Ct. 1309 (2012). On January

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

2, 2014, the District Judge ordered that, in light of the petitioner's objections to the report and recommendation, the case be remanded to the undersigned for further analysis with reference to the Supreme Court case of Martinez v. Ryan, supra.[2]

## DISCUSSION AS TO EQUITABLE TOLLING AND MARTINEZ V. RYAN

The Report recommended that the petition be dismissed as untimely and barred by the statute of limitations.[3] In his objections to the Report, Petitioner argues that he is entitled to equitable tolling of the statute of limitations "based upon the cornerstone of his claims, which is Ineffective Assistance of PCR Counsel in his First (1st) Collateral Review of Ineffective Assistance of Trial and/or Plea counsel" under *Martinez v. Ryan* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Petitioner argues that due to PCR counsel's total abandonment of his meritorious issues in the PCR application and proceedings, all his grounds for relief were not asserted and raised causing him to be denied relief.

The United States Supreme Court has held that the federal one-year statute of limitations can

---

[2] The procedural history on this matter was set forth in the Report and will not be restated.

[3] As discussed in the previous Report and incorporated herein, Petitioner pleaded guilty in state court on August 18, 2005. Petitioner filed a direct appeal and filed his first PCR application while the direct appeal was still pending. His first PCR application was dismissed by order on January 5, 2010. Petitioner admitted receiving the order of dismissal on January 6, 2010. (Docket #1-8). Petitioner did not appeal the PCR decision. The time period began to run on February 8, 2010, the first business day after the thirty-day time period to appeal his denial of PCR expired. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file his federal habeas petition until September 28, 2012, with a Houston v. Lack, supra, delivery date of September 25, 2012. However, even using the date of September 25, 2012, the instant petition is time-barred and should be dismissed.

be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); *see also Rouse v. Lee*, 314 F.3d 698, 704 (4th Cir.2003) (*citing Harris v. Hutchinson*, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. *Harris*, 209 F.3d at 330; *see also Marengo v. Conway*, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000); *Marengo*, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." *Marengo*, 342 F.Supp.2d at 230 (*quoting Warren*, 219 F.3d at 113); *see also Holland*, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] *(quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

To the extent Petitioner claims that he is entitled to equitable tolling pursuant to *Martinez v. Ryan*, *supra*, his argument fails. In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. *See Martinez*, 132 S.Ct. at 1318 (internal citations omitted). In *Martinez*, the Supreme Court established a "limited qualification" to the rule in *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's

procedural default of a claim of ineffectiveness of trial counsel. *Martinez*, 132 S.Ct. at 1319. However, *Martinez* "neither created a new constitutional right nor made one retroactively applicable to Petitioner's case." *See Glanton v. Cartledge*, 2013 WL 3746039, at *3 n. 7 (D.S.C. July 15, 2013); *also see Jones v. Cartledge*, 2013 WL 6780568 (D.S.C. Dec. 19, 2013); *Walker v. Cartledge,* 2013 WL 4522595 (Aug. 26, 2013); *Pee v. McCall*, 2013 WL 6150796 (D.S.C. Nov. 22, 2013)[4]. Therefore, as set out in detail in the Report, Petitioner's federal habeas petition is subject to the AEDPA's statute of limitations. Petitioner fails to shows extraordinary circumstances to warrant equitable tolling.

Accordingly, it is recommended that Respondent's motion for summary judgment (document #44) be granted, and the Petitioner's federal habeas corpus petition be dismissed as it is barred by the statute of limitations. Petitioner fails to demonstrate any basis for equitable tolling.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 27, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4] In *Pee v. McCall*, it was noted that many courts have similarly concluded that *Martinez* is inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations. *Id.* (*citing See Stromberg v. Varano*, No. 09–401, 2012 WL 2849266 at *5 n. 37 (E.D.Pa. July 11, 2012) (noting *Martinez* exception does not alleviate petitioner's burden to overcome AEDPA statute of limitations); *Perez v. Williams*, No. 2:12–cv–605, 2012 WL 2389669, at *2 (D.Nev. June 25, 2012) (noting time-barred petition unaffected by Martinez decision); *Arthur v. Thomas*, No. 2:01–cv–0983, 2012 WL 2357919, at *8 (N.D.Ala. June 20, 2012) (noting petitioner's habeas claims were not filed "until long after the limitation period provided by the AEDPA had passed," unlike Martinez 's timely filed habeas claims); *Yow v. Thaler*, No. 3:10–cv–0005, 2012 WL 2795850, at *2 (N.D.Tex. June 20, 2012) ("The *Martinez* case, however, addressed a claim of procedural default. The case did not address the AEDPA statute of limitations.").