UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Howell, ) | C/A No. 4:12-2808-JFA-TER |
| ) | |
| Petitioner, ) | |
| v.      ) | ORDER |
| ) | |
| Joseph McFadden, Warden, of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____  ) | |

The *pro se* petitioner is an inmate at the Lieber Correctional Institution. He brings this action under 28 U.S.C. § 2254 challenging his conviction and sentence for first degree burglary.

The Magistrate Judge assigned to this action[1] has prepared an initial and supplemental Report and Recommendation opining that the petition is untimely and barred by the statute of limitations. The respondents filed a motion for summary judgment, and the petitioner responded.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

1

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto.

The Magistrate Judge opines that this petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Additionally, the Magistrate Judge finds that the petitioner is not entitled to equitable tolling.

In his objections to the Report, the petitioner argues that he is entitled to equitable tolling of the statute of limitations under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) due to ineffective assistance of his first PCR counsel. As the Magistrate Judge notes in his supplemental Report and Recommendation, the Supreme Court held in *Martinez* that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial review collateral proceeding was ineffective in failing to raise a claim that should have been raised. In *Martinez*, the Supreme Court established a "limited qualification" to the rule in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. However, *Martinez* has not created a new constitutional right nor made one retroactively applicable to petitioner's case.

This court agrees with the Magistrate Judge that petitioner has failed to show any extraordinary circumstances to warrant equitable tolling and thus his petition is barred by the statute of limitations.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 44) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

The Clerk may docket the petitioner's motions to compel and to submit additional documents as moot.

IT IS SO ORDERED.

February 24, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."